

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2006

# Lim v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3654

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lim v. Atty Gen USA" (2006). *2006 Decisions.* Paper 320.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/320

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3654

HENDRI SUKIANTO LIM,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF HOMELAND SECURITY,
Respondents

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A79-734-285)
U.S. Immigration Judge:  R.K. Malloy

Submitted Under Third Circuit LAR 34.1(a)
September 28, 2006

Before:  RENDELL, ROTH and GIBSON*, <u>Circuit</u> <u>Judges</u>.

(Filed: October 17, 2006 )

OPINION OF THE COURT

* Honorable John R. Gibson, Senior Judge of the United States Court of Appeals for the
Eighth Circuit, sitting by designation.

RENDELL, Circuit Judge.

Petitioner Hendri Sukianto Lim petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order denying petitioner's applications for asylum and withholding of removal and for protection under the Convention Against Torture ("CAT") and granting voluntary removal. We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252. For the reasons set forth below, we will deny Lim's petition for review.[1]

**I.**

Lim, a native and citizen of Indonesia, entered the United States on or about May 25, 2000 as a non-immigrant visitor. He remained in the United States beyond his authorized stay, and on March 10, 2003, he was placed in removal proceedings. Lim then filed an application for asylum and withholding of removal and a claim for protection under the CAT, on the grounds that as a Chinese-Indonesian, he had been persecuted and tortured in Indonesia and feared such treatment upon return. In the alternative, he requested voluntary departure.

Finding that Lim had not filed his petition for asylum within one year of arrival and that he had demonstrated no extraordinary circumstances or changed country conditions that would merit a waiver of the one-year requirement, the IJ determined that

---

[1] Because we write only for the parties, we will include only those facts relevant to the issues now before us.

2

Lim was statutorily ineligible for asylum.

The IJ further determined that Lim was not credible in his applications for withholding of removal and protection under the CAT and that he had failed to demonstrate any likelihood of persecution or torture if returned to Indonesia. Accordingly, the IJ denied relief but granted Lim's application for voluntary departure. The BIA adopted and affirmed the IJ's decision, specifically noting its agreement with the IJ's determinations regarding Lim's untimely asylum petition, his failure to demonstrate extraordinary circumstances, and his credibility with regard to his withholding and CAT claims.

Lim has not appealed the IJ's determination that he is statutorily ineligible for asylum.[2] He argues on appeal that he is qualified for both withholding of removal and relief under the CAT.

This Court reviews the decision of the BIA unless, as here, the BIA has adopted the reasoning of the IJ, in which case we review the IJ's decision. *Tarrawally v. Ashcroft*, 338 F.3d 180, 184 (3d Cir. 2003). We review determinations of fact and credibility for substantial evidence. *Id.* at 184. Such determinations must be upheld unless the evidence presented would compel a reasonable factfinder to reach a contrary result. 8 U.S.C. §

---

[2] Nor could Lim have appealed this determination; where either the IJ or the BIA determines that appellant's petition for asylum was untimely and that no extraordinary circumstances tolled the time period, this Court has no jurisdiction to review that finding. *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003).

1252(b)(4)(B); *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004) (citing *INS v. Elias-Zacharias*, 502 U.S. 478, 481 & n.1 (1992)).

## II.

An alien is entitled to withholding of removal if he can demonstrate a "clear probability of persecution" "on account of" one of the enumerated classifications or activities incorporated into the definition of "refugee": race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); *Zubeda v. Ashcroft*, 333 F.3d 463, 469-70 (3d Cir. 2003).

Specifically, Lim alleges that he was targeted by native Indonesians because he is a Chinese Christian.[3] He claims he was beaten by native Indonesians during riots which took place in May, 1998 and that he was forced to close his store. Upon reopening the store later that month, it was robbed by native Indonesians, who beat and tied up one of his employees, forcing him to close his store again. Lim was not present during this robbery.

There were inconsistencies between Lim's affidavit and his testimony, and within his testimony, as to what, if any, incidents occurred between May and September of 1998. Lim initially testified that no incident took place between May and September. However, at one point he alleged that thieves attempted to enter the store in June 1998 through an upstairs window. Lim testified that his employee heard the thieves entering and shouted,

---

[3] Lim gave no testimony about his religious activities in Indonesia.

4

so they left through the same entrance.  Notably variant, his affidavit stated that two "natives" entered through a back window and demanded the keys to the store from his employee, beating him until he gave them the keys.  The thieves then opened the door and allowed five more enter.  Lim, who was sleeping upstairs awoke when the thieves began to kick open the door.  They threatened him until he gave them "a ball of money," after which they threatened him again and fled.

Lim further testified that on September 2, 1998, he was attacked by an individual on a motorcycle who demanded money and tried to stab him.  Upon interruption by a neighbor, the motorcyclist warned Lim to "watch out" and drove away.  Lim testified that he thereafter closed the store and sold off the remaining inventory over the next year, and he left Indonesia in May, 2000.  However, Lim's affidavit states that Lim was accosted by two individuals on motorcycles who asked him for money to buy liquor.  He gave them some money, but they were unsatisfied and tried to stab him with a long knife.  Lim screamed for help and when the neighbors came out the men ran away.  Lim testified that the only concern he has about returning to Indonesia is that the September 2, 1998 incident with the motorcyclist(s) will happen again.

The IJ determined that Lim was not credible and that he had failed to demonstrate a clear probability of persecution.  Lim did not allege any similar events occurred between September 1998 and May 2000, when he finally left Indonesia.  Moreover, although it was clear that riots did take place in May 1998, during which "stores were

5

looted and burned, [and] individuals were killed, . . . since that time, the Indonesian government has taken steps to protect the Chinese citizens."

Lim's affidavit and subsequent testimony on important facts varies significantly, supporting the IJ's determination that Lim is not credible. Although Lim alleged several violent encounters took place between May and September, 1998, nothing is alleged to have happened from September, 1998 and when he left Indonesia in May, 2000. We find that substantial evidence supports the IJ's determination that Lim is not eligible for withholding of removal.

**IV.**

In order to be eligible for relief under the CAT, Lim must show, objectively, that it is more likely than not that he will be tortured if removed to Indonesia. 8 C.F.R. § 208.16(c)(2); *Kamara v. Ashcroft*, 420 F.3d 202, 212-13 (3d Cir. 2005). "Torture" is defined as any act intentionally inflicting "severe pain and suffering, whether physical or mental, . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person serving in an official capacity," for purposes such as obtaining a confession, punishment, intimidation, or coercion. 8 C.F.R. § 208.18(a)(1); *Sevoian v. Ashcroft*, 290 F.3d 166, 175 (3d Cir. 2002).

The IJ found that Lim had provided no evidence that he or anyone he knows would be tortured by anyone if he were removed to Indonesia. We agree with the IJ that Lim has not met his burden of demonstrating it is more likely than not that he will be tortured

6

if returned to Indonesia. The IJ's determination is supported by substantial evidence, and Lim has not demonstrated otherwise.

## V.

Accordingly, we will deny Lim's petition for review.